José María Franceschi, Xavier Mariani y José Arcílagos, como Albaceas testamentarios de Don Francisco María Franceschi, peticionarios y apelantes, Ex parte. López de Tord & Zayas Pizarro, interventores y apelados.

No. 6964.—*Sometido:* Diciembre 2, 1935. *Resuelto:* Diciembre 23, 1935.

*H. G. Molina* y *M. León Parra,* abogados de los apelantes; *López de Tord & Zayas Pizarro* y *Martín Travieso,* abogados de los apelados.

---

* Nota: Véase el prefacio.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De la conocida sentencia en este caso se interpuso apelación el 8 de noviembre de 1934. Desde entonces cuatro mociones para desestimar han sido radicadas y todas declaradas sin lugar. Los apelantes ofrecieron presentar una exposición del caso en julio próximo pasado. Los apelados alegan en efecto, que para aparentar el cumplimiento de esta oferta, los apelantes radicaron una supuesta "exposición del caso" en que dejaron de incluir cerca del 80 por ciento de la prueba documental. Los apelados, imputando mala fe y dilación, han radicado ahora una quinta moción para desestimar que será definitivamente declarada sin lugar.

En primer lugar, aunque esta corte tiene poder plenario sobre un caso una vez que adquiere jurisdicción al apelarse, de ordinario el juez sentenciador, bien y debidamente informado de los hechos y de la situación, es el llamado a determinar la suficiencia de una exposición del caso. El 4 de octubre de 1935 el Juez de Distrito de Ponce dictó una resolución de la cual reproducimos los siguientes párrafos esenciales:

"La Regla 40 *a*. de la Corte Suprema de Puerto Rico dispone, entre otras cosas, lo siguiente:

" '. . . En los casos en que solamente se desee que se revisen determinadas resoluciones de la corte con respecto a la prueba, no será necesario incluir ésta en toda su integridad sino aquella parte de la misma que sea indispensable para revisar correctamente dicha resolución.'

"Los apelantes han manifestado repetidamente por escrito, por conducto de su abogado señor Molina, que no desean revisar, ni mencionarán, en la apelación, las resoluciones de esta Corte de Distrito recaídas en los incidentes sobre inhibición del juez Sepúlveda y el incidente del doctor Pou.

"Creemos que los apelantes tienen derecho a omitir en la exposición del caso la prueba relativa a tales incidentes, de acuerdo con la Regla 40 *a* que se deja transcrita en su parte pertinente.

"Otra parte de la Regla 40 *a*, dispone:

" '. . . Que no se copiará íntegro ningún documento de prueba,

sino que se hará una relación concisa del mismo, expresando solamente su parte sustancial, de acuerdo con su significación y efectos legales.'

"Por consiguiente, entendemos que no procede, de acuerdo con dicha regla, copiar íntegramente los numerosos records de pleitos y demás documentos ofrecidos en evidencia, y que hacer una relación concisa de los mismos, expresando solamente su parte sustancial, es bastante.

"Sin embargo, como los mismos apelantes solicitan en la página 388 del pliego de Exposición del Caso y en su moción explicativa del mismo pliego, que el legajo completo de este caso de administración judicial, así como toda la evidencia documental sean remitidos originales al Tribunal Supremo, como suplemento de la Exposición del Caso, la Corte así podrá ordenarlo al aprobar en su día la Exposición del Caso.

"En resumen, la Corte por la presente resuelve:

"Que los apelantes están amparados por la Regla 40 a. del Reglamento de la Corte Suprema al omitir, como omitieron, en la Exposición del Caso toda la evidencia relativa a los incidentes sobre inhibición del juez Sepúlveda y del doctor Pou.

"Y por la presente se ordena:

"Que los apelantes, dentro del término de 15 días, a contar de la fecha de la presente, radiquen un Pliego de Exposición del Caso y de Excepciones, enmendado, conteniendo todas las enmiendas propuestas por los interventores apelados en su escrito de 34 páginas que lleva fecha 26 de agosto de 1935, y que se titula 'Oposición de los Interventores, etc., etc.' Entendiéndose que no deben hacerse las enmiendas solicitadas que se relacionan con el incidente del doctor Pou.

"Debe entregarse copia a los interventores apelados del Pliego de Exposición del Caso y de Excepciones tal como quede enmendado de acuerdo con la presente resolución."

Después de leer esto tenemos la idea de que de ahora en adelante muy bien podrían los apelados esperar hasta ver la forma en que la exposición del caso es finalmente aprobada por el juez de distrito. Esta corte se reserva el derecho de ordenar una enmienda, de ser necesaria, a cualquier versión defectuosa.

Debido a lo complicado de la situación en que la parte más esencial de tantos records originales tendría que ser resumida, absolvemos a los apelantes de mala fe.

■ En cambio, creemos que los apelados podrían ayudar mucho a este tribunal indicándole a la corte inferior cuál es la parte esencial de estos varios records. Por ejemplo, si una demanda es en cobro de dinero y en la mayoría de las acciones por daños y perjuicios o en ejecución de hipoteca y en otros procedimientos sencillos, cualquier perito, juez o abogado debe estar en posición de resumir brevemente la naturaleza del trabajo hecho por los apelados. Nadie podría hacer esto mejor que ellos mismos. Es cierto que los apelantes tienen el deber de incorporar la prueba, pero el caso es uno en cobro de honorarios de abogado y los apelados son oficiales de este tribunal que podrían ayudarnos grandemente.

Somos de opinión que el juez estuvo justificado al tratar de relevar a los apelantes de la necesidad de copiar íntegramente los documentos en otros casos y al ofrecer elevar los expedientes originales como referencia.

*Debe declararse sin lugar la moción.*